Shapiro *v.* Shapiro, Appellant.

Argued October 11, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Samuel Moyerman,* and with him *Jacob A. Olanoff,* for appellant.

*Herman J. Tahl,* for appellee.

Opinion by Baldrige, J., November 21, 1932:

The libellant is seeking a divorce on the ground of desertion. The master recommended that a divorce should be granted and the court below so decreed. We are in accord with that action.

The parties were married on December 6, 1927. The libellant was forty-four years of age and the respondent twenty-seven years old. The libellant, by a previous marriage, has two sons and a daughter, whose ages range from seventeen to twenty-two years. The respondent withdrew from their home on November 9, 1928, alleging, first, that she was physically ejected, and, second, that the libellant's acts toward her constituted indignities and cruelty. The long record in this case, which we have carefully considered, reveals allegations of degenerate conduct. It is undesirable to discuss the details of these despicable charges. Indeed, a recital of the testimony would not be helpful in any aspect as there is no question of law involved that has not been frequently considered and determined. The granting or refusal of a divorce depends largely upon the credibility and competency of the testimony, and the elaboration of the charges and counter-charges would unnecessarily lengthen this opinion without furnishing any assistance in subsequent cases.

The main issue before us is whether the conduct of the libellant justified the respondent in withdrawing and remaining from the home. The charge of sexual

perversion was not corroborated; that probably could not be expected. But the complaints of the wife that she was called vile names, not provided for with adequate food and suitable clothing, that she was physically ejected from the house, and was a victim of cruelties and indignities, are not only unsupported in the main, but are contradicted by the libellant, his children, the maid in the house, and a caller who was present when she alleges she was forcibly ejected. The burden of proof was on her to establish by a preponderance of the evidence a state of facts that would have entitled her to a divorce, and she was unable to carry this burden. Concluding, as we do, that the desertion was without consent or sufficient cause, it is presumed to be wilful and malicious, and as it has been persisted in for two years or more, the libellant is entitled to a divorce.

The only other question to be considered is the order of the court made on February 5, 1932, directing that libellant pay "respondent five dollars a week commencing December 2, 1931, and $35 counsel fee." The petition upon which this order was made is not before us, but we assume, and it seems to be conceded by the appellant in her paper book, that the order is for alimony pendente lite, under the Act of May 2, 1929, P. L. 1237, Sec. 46 (23 PS Sec. 46). There is no provision there, or in any other statute, providing for alimony where an absolute divorce has been granted. According to the wife's testimony in support of her petition for alimony, the respondent was making from forty to fifty dollars a week during 1927 and 1929. But, under the husband's testimony, in 1931 he was making but ten dollars a week and had no other assets. In view of this testimony, we cannot say there was any abuse of discretion, as contended by appellant, in the court's ruling an allowance of $5 per week pendente lite.

The decree of the court below is affirmed.